# IN THE COURT OF APPEALS OF TENNESSEE
## AT MEMPHIS
February 24, 2015 Session

## LEGACY AUTO SALES, LLC, ET AL. v. BANK OF NEW YORK MELLON, ET AL.

### Direct Appeal from the Chancery Court for Shelby County
### No. CH-11-1634-2      Arnold B. Goldin, Judge

### No. W2014-00637-COA-R3-CV – Filed April 29, 2015

This appeal arises from a suit by a borrower against a bank and its servicing agent.  In its amended complaint, the borrower sought to enjoin a foreclosure sale and set aside the assignment of the deed of trust.  Additionally, the borrower sought damages for several statutory violations, including alleged violations of the Tennessee Consumer Protection Act ("TCPA").  Though the trial court granted summary judgment in favor of the defendants on most of the claims, there is no final judgment with regard to the borrower's TCPA claim.  Because the order appealed is not a final judgment, we dismiss this appeal for lack of jurisdiction and remand the case to the trial court for further proceedings.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

BRANDON O. GIBSON, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Drayton Durell Berkley, Memphis, Tennessee, for the appellants, Rodney Hayes, Equilla Hayes and Legacy Auto Sales, LLC.

Lauren Paxton Roberts, Nashville, Tennessee, for the appellee, Bank of New York Mellon.

### MEMORANDUM OPINION[1]

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

# I. Background and Procedural History

In 2004, Rodney and Equilla Hayes purchased property located at 485 Military Cove in Collierville, Tennessee. In September 2005, the Hayeses obtained a loan to refinance the property, executing a promissory note (the "Note") in favor of America's Wholesale Lender in the amount of $376,000.00. The Note was endorsed in blank by Countrywide Home Loans, Inc. ("Countrywide"). To secure the loan, the Hayeses executed a Deed of Trust granting the property in trust, with a power of sale, to Arnold M. Weiss, as trustee for the benefit of America's Wholesale Lender.

According to Bank of New York Mellon (hereinafter "BNY Mellon"), Countrywide transferred the Note to BNY Mellon as Trustee for CWABS, Inc., Asset Backed Certificates 2005-13 ("CWABS Trust") on November 21, 2005, and the Note has not been transferred since. BNY Mellon contends that the transfer of the Note automatically carried with it the assignment of the Deed of Trust to BNY Mellon. Accordingly, BNY Mellon asserts that it has been the owner and holder of both the Note and Deed of Trust since November 21, 2005.

On September 27, 2008, BNY Mellon appointed Shellie Wallace of Wilson & Associates, PLLC ("Wilson & Associates") as substitute trustee, replacing Arnold M. Weiss. The appointment was recorded with the Shelby County Register of Deeds on October 3, 2008.

The Hayeses eventually defaulted on their payment obligations under the Note. In July 2011, the Hayeses received notice from Wallace that the holder of the Deed of Trust was planning to foreclose on the property. On September 16, 2011, the Hayeses executed and recorded a quitclaim deed, transferring the entirety of their interest in the property to Legacy Auto Sales, LLC ("Legacy Auto Sales"). On September 27, 2011, Wallace advertised that the non-judicial foreclosure sale was scheduled for October 28, 2011.

On October 7, 2011, Appellants brought the underlying action in Shelby County Chancery Court against BNY Mellon, CWABS Trust, Shellie Wallace, and Wilson & Associates seeking to enjoin the non-judicial foreclosure sale. Appellants alleged that because Wallace was not appointed substitute trustee of the Note prior to initiation of the non-judicial foreclosure proceedings, Wallace and Wilson & Associates had no authority to initiate the proceedings. Appellants sought temporary and permanent injunctions against the non-judicial foreclosure sale and damages for alleged violations of the Tennessee Consumer Protection Act (hereinafter "TCPA") and the Racketeer Influenced and Corrupt Organizations Act (hereinafter "RICO") by the Bank, Wallace, and Wilson & Associates. On December 7, 2011, the trial court issued a temporary injunction preventing the sale, pending further orders of the court.

On December 16, 2011, BNY Mellon filed a motion to dismiss. On January 5, 2012, Appellants filed an amended complaint. The amended complaint contained many of the same allegations as the original complaint, including those regarding violations of TCPA and RICO, but added a challenge to the assignment of the Note and Deed of Trust to BNY Mellon.

On March 2, 2012, BNY Mellon filed a motion to dismiss Appellants' first amended complaint. On August 21, 2012, Shellie Wallace and Wilson & Associates filed a separate motion to dismiss the amended complaint. The trial court denied BNY Mellon's motion to dismiss, but, in a separate order, granted the motion to dismiss filed by Wallace and Wilson & Associates and dismissed them as parties to the case.

Following a period of discovery, BNY Mellon filed a motion for summary judgment and statement of undisputed facts on April 19, 2013. BNY Mellon asserted that Countrywide endorsed the Note in blank and transferred the Note to BNY Mellon on November 21, 2005 and that it had not been transferred subsequently. BNY Mellon submitted the affidavit of Arsheen Littlejohn, a Bank of America Vice President, in support of its assertion. BNY Mellon argued that because the transfer of the Note automatically carried with it the transfer of the Deed of Trust, BNY Mellon was the owner and holder of both the Note and the Deed of Trust. BNY Mellon asserted that it was entitled to enforce the Note and Deed of Trust and that Bank of America, N.A. ("Bank of America), which serviced the loan on behalf of BNY Mellon, was entitled to receive Appellants' loan payments. Consequently, BNY Mellon argued that it was entitled to judgment as a matter of law on Appellants' challenge to its standing to initiate foreclosure. Additionally, because Appellants' RICO and TCPA claims were premised on the fact that BNY Mellon did not have standing to initiate the foreclosure, BNY Mellon argued that it was entitled to judgment as a matter of law on those claims as well. BNY Mellon also asserted that Appellants had withdrawn their TCPA claim. BNY Mellon supported this assertion with the statement of Appellants' counsel during the deposition of Rodney Hayes that Appellants would not pursue the TCPA claim.

In response, Appellants filed a motion to strike the affidavit of Arsheen Littlejohn. Appellants argued that the statements contained in the affidavit were conclusory and lacked evidentiary support. Citing the motion to strike, Appellants argued that BNY Mellon failed to meet its initial summary judgment burden. In their response to BNY Mellon's statement of undisputed facts, Appellants admitted that the Hayeses executed the Note and Deed of Trust in favor of America's Wholesale Lender, but relied on their motion to strike in denying every other factual allegation. Additionally, Appellants argued that even if BNY Mellon was the owner and holder of the Note, its right to enforce the Note, including the power of sale, was extinguished by the compulsory

counterclaim.

Following Appellants' response to its motion for summary judgment, BNY Mellon filed the affidavit of Glenn Mitchell, a BNY Mellon Vice President, in further support of its assertion that Countrywide transferred the Note to BNY Mellon in 2005. On July 15, 2013, Appellants filed a second motion to strike objecting to the affidavit of Glenn Mitchell on grounds similar to those previously cited in their motion to strike the Littlejohn affidavit. Appellants argued that the statements contained in the affidavit were conclusory and lacked evidentiary support.

The trial court heard arguments on the parties' outstanding motions on July 18, 2013. On August 21, 2013, the trial court issued an order denying Appellants' motion to strike the affidavit of Glenn Mitchell and granting summary judgment in favor of BNY Mellon. The trial court stated in its order:

Specifically, the Court finds as follows:

1. Plaintiffs' Second Motion to Strike is not well taken and should be DENIED.

2. There is no genuine issue as to any material fact and Defendants are entitled to judgment as a matter of law.

3. Plaintiffs executed a promissory note ("Note") and deed of trust ("Deed of Trust") on the real property located at 485 Military Cove, Collierville, Tennessee (the "Property").

4. The Bank of New York Mellon is the current owner and holder of the Note and Deed of Trust and has the right to enforce the documents.

5. Bank of America, N.A. is the servicer of the loan to Plaintiffs.

6. Plaintiffs failed to make the contracted payments under the Note.

7. Plaintiffs' Counsel acknowledged receipt of an acceleration letter dated July 16, 2013.

8. Plaintiffs Racketeering and Corrupt Organizations Act fails to state a claim for relief as it is not plead with particularity as required by Rule 9.02.

9. Court costs are taxed to Plaintiffs, for which execution may issue, if

necessary.

> Because this Order adjudicates all claims at issue in this action against all parties, this is a **FINAL JUDGMENT**.

The trial court's order did not address Appellants' TCPA claim. Appellants filed a motion to alter or amend the trial court's judgment on September 20, 2013, which the trial court denied. Appellants timely filed a notice of appeal to this Court.

## II. ISSUES

Appellants argue on appeal that the trial court erred in granting summary judgment in favor of Appellees. Specifically, they raise the following issues, as we have restated them:

1. Whether the trial court erred in denying Appellants' motion to strike the affidavit of Glenn Mitchell.

2. Whether the trial court erred in finding that BNY Mellon had valid title to the Note and Deed of Trust.

3. Whether the trial court erred in failing to rule that BNY Mellon's right to enforce the Note and Deed of Trust was not extinguished by the compulsory counterclaim rule.

4. Whether the trial court erred in citing the July 16, 2013 Notice of Acceleration letter.

5. Whether the Note and Deed of Trust were obtained by fraud and are therefore unenforceable.

## III. DISCUSSION

Before addressing Appellants' issues on appeal, and pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we must review the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After this review, it appears to the Court that it does not have jurisdiction. Specifically, we can find nothing in the record reflecting that the trial court adjudicated the claim of Appellants Legacy Auto Sales, LLC, Rodney Hayes and Equilla Hayes that Appellee Bank of New York Mellon violated the Tennessee Consumer Protection Act, as set forth in the "First Amended Complaint for Declaratory Relief, Temporary Restraining Order,

Temporary Injunction, Permanent Injunction, and Attorney Fees."

By Order entered on March 25, 2015, this Court directed Appellant to obtain entry of a final judgment in the trial court within ten (10) days of the entry of that Order or else show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment. As of this date, the Clerk of this Court has not received a response to our Order.

Though we acknowledge the statement of Appellants' counsel during the deposition of Rodney Hayes that Appellants would not pursue the TCPA claim, such a statement is not a method by which claims are properly withdrawn. Appellants' counsel indicated in the deposition that an order of nonsuit should be prepared as to the TCPA claim. However, no such order appears in the record, and the parties have not provided us with such an order despite our efforts to allow them time to do so. "It is well settled that a court speaks through its orders." *Shockley v. Mental Health Coop., Inc.*, 429 S.W.3d 582, 589 (Tenn. Ct. App. 2013). Based on our review of the record before us, we are unable to conclude that the trial court resolved all of the Appellants' claims.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See Bayberry Assoc. v. Jones*, 783 S.W.2d 553 (Tenn. 1990). Because it does not appear that all the claims have been adjudicated, this Court could only have jurisdiction to hear this matter if permission to appeal has been granted or if the order appealed has been made final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. The record does not reflect, however, that permission to appeal has been granted or that the order appealed was made final pursuant to Rule 54.02. Consequently, this appeal must be dismissed for lack of jurisdiction.

## Conclusion

Because no final judgment exists, the appeal is dismissed without prejudice, and the case is remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellants, Legacy Auto Sales, LLC, Rodney Hayes, and Equilla Hayes, and their surety, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE